IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OWEN SYLVESTER MCCOY,

    Petitioner,                      No. CIV S-08-1104 EFB P

   vs.

D.K. SISTO,[1] Warden,

    Respondent.                    <u>ORDER</u>

_____/

     Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned for all purposes pursuant to the parties' consent. *See* 28 U.S.C. § 636. Respondent moves to dismiss this action as untimely. Petitioner opposes, asserting that the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional and that he is entitled to equitable tolling. For the reasons explained below, the motion to dismiss must be granted.

**I.    Procedural History**

     Petitioner pled guilty to sodomy by use of force, forcible oral copulation, and two counts of forcible lewd acts on a child. Resp.'s Mot. to Dism., Docs. Lodg. in Supp. Thereof ("Lodg.

---

[1] Pursuant to Rule 25(d), Fed. R. Civ. P., John W. Haviland is substituted as respondent. See Rule 2(a), Rules Governing § 2254 Proceedings.

Doc.") 1. On August 19, 2005 he was sentenced to twenty-one years in state prison. *Id.* He did not appeal his conviction.

Petitioner filed two state habeas petitions in the California Supreme Court. The first was filed on January 7, 2007[2] and was denied on June 13, 2007. Lodg. Docs. 2, 3. The second was filed on November 11, 2007 and was denied on April 30, 2008. Lodg. Docs. 4, 5. The instant petition was filed on May 18, 2008.

**II.    Constitutionality of Statute of Limitations**

Petitioner argues that the one-year statute of limitations under AEDPA violates his first amendment right of access to the courts and is therefore unconstitutional. The court disagrees. Prisoners have a constitutional right of access to the court concerning their convictions. *Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (finding that First Amendment right to petition government for redress of grievances includes right of access to courts). However, the right of access to the courts is limited to the initiation of a court action, and does not include the right to litigate effectively or successfully once in court. *See Lewis*, 518 U.S. at 354. While the AEDPA limitations period prevents some habeas petitions from succeeding, it does not prevent a prisoner, and did not prevent petitioner in this case, from timely filing a habeas action in federal court and having a meaningful opportunity to pursue it. Other courts that have addressed this issue have held that AEDPA does not violate prisoners' first amendment rights. *See*, *e.g.*, *Hill v. Dailey,* 534 F. Supp.2d 746, 750 (E.D. Ky. 2008) ("[T]he Court holds that the statute of limitations codified at 28 U.S.C. § 2244(d)(1)(A) does not violate the Petition Clause of the First Amendment."). *See also Lockett v. Day*, 264 F.3d 1140 (5th Cir. 2001) (unpublished); *Greer v. Berghuis*, No. 2:07-CV-10873, 2007 WL 2984100 at *3

---

[2] The prison mailbox rule holds that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court. *See Houston v. Lack*, 487 U.S. 266 (1988). The Court has used the signature dates on petitions as the relevant filing dates, since the signature date is the earliest date on which petitioner could have turned his petitions over to the prison authorities for mailing.

(E.D. Mich. October 12, 2007)*; Martinez Cedillo v. United States*, No. CR 01-416, 2005 WL 2620515 at *3 (D.Or. October 7, 2005); *Lamkin v. Cockrell*, No. Civ. SA-08-CA-0436, 2003 WL 22244962 at *2 (W.D. Tex. Sept. 30, 2003); *Sharp v. Cary*, No. C 01-3625, 2002 WL 202375 at *3 (N.D. Cal. February 1, 2002). Placing a time limit on when the action must be initiated does not equate with a denial of all access to the courts. Accordingly, the AEDPA statute of limitations does not violate the First Amendment and applies to the instant petition.

### III. Application of the Statute of Limitations

The one-year AEDPA limitations period begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

In this case, the statute of limitations began to run when petitioner's time for appealing his conviction expired, sixty days after he was sentenced on August 19, 2005. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 30.1.[3] The one-year limitations period began to run on the following day, that is, on October 19, 2005. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until October 19, 2006 to file his federal habeas petition. He did not file the instant petition until May 18, 2008. Absent tolling, his application in this court is untimely.

Petitioner is not entitled to statutory tolling because he did not file his first state habeas petition until January 7, 2007, months after the limitations period had expired. Once the statute of limitations has expired, it cannot be revived by the filing of a state petition. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001). Accordingly, petitioner's two state petitions do not statutorily toll the limitations period.

Neither is petitioner entitled to equitable tolling. A prisoner is entitled to equitable tolling "only if extraordinary circumstances beyond [his] control make it impossible to file a petition on time." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). Petitioner asserts that, as a sex offender, he has experienced extreme hardship in finding a knowledgeable prisoner to help him prepare his appeals without jeopardizing his physical safety. In addition, he asserts that he is mentally challenged, has psychological problems, and is obligated to take medication. Pet'r's Opp'n at 5-6.

////

////

---

[3] This rule has been amended and renumbered 8.308.

4

Petitioner's difficulty in obtaining assistance from other inmates in preparing his petitions due to his sex offender status does not constitute an extraordinary circumstance beyond his control. Although petitioner is a pro se litigant, his ignorance of the law does not constitute an extraordinary circumstance that would warrant equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir.2006) (holding that a pro se petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause). In addition, petitioner is not entitled to legal assistance in collateral proceedings, including assistance from other inmates. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (state not required to provide appointed counsel in state post-conviction proceedings); *see also Lawrence v. Florida*, 549 U.S. 327 (2007) (petitioner's mistake in miscalculating limitations period was not sufficient to warrant equitable tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel"). Therefore, the difficulties that petitioner faced in obtaining legal assistance from other prisoners do not equitably toll the statute of limitations.

Mental incompetency can constitute an extraordinary circumstance beyond the prisoner's control that can equitably toll the statute of limitations. *Calderon v. U.S. Dist. Court for Cent. Dist. of Cal. (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc) (overruled on other grounds by *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)). Whether mental illness warrants tolling depends on whether the petitioner's mental illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible, for which equitable tolling is available." *Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir. 2003). When a petitioner submits an unrebutted allegation in a verified complaint that he was mentally incompetent during the AEDPA statute of limitations period, the district court is required to allow discovery or order expansion of the factual record. *Id.* at 924. In order to be entitled to an evidentiary hearing, a petitioner must merely make a "good-faith allegation that would, if true,

5

entitle him to equitable tolling." *Id.* at 921. However, petitioner ultimately bears the burden of showing that equitable tolling should apply to his case. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not met this burden here. His petition alleges that he was mentally incompetent at the time of his trial because he was suffering from anxiety and was taking several "heavy pyschotropic medications" before and after his incarceration. Pet. at unnumbered page 19 of 157. He states that he had a serious head injury and suffered from a psychotic disorder and an "emotional traumatic stress disorder." *Id.* at 23. His wife's letter to the court states that she believes that he is bipolar and has "ADDHD." *Id.* at 54. Medical records attached to his petition suggest that in 2004 and 2005 he suffered from anxiety and depression, had poor concentration, and took a variety of medications, including lorazepam, diazepam, chlorpromazine, hydroxyzine, and paroxetine. *Id.* at 57-156. He attested to his own mental incompetence in his verified petition in the California Supreme Court. *See* Lodg. Doc. 2.

While petitioner appears to suffer from mental illnesses, he has not alleged that his mental problems made it impossible for him to timely file this petition, only that they made it more difficult. *See* Opp'n at 6 ("his psychological problems and the medications he has been obligated to take . . . *exacerbated his limitations* in being able to assist in the preparation of his filings . . . . These . . . matters . . . *severely hindered* McCoy's ability to submit his petitions . . . .") (emphasis added). Without specific allegations or evidence of how petitioner's mental illnesses actually caused him to not be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling. *Cf. Laws*, 351 F.3d at 923-24 (remanding case for further factual development where petitioner alleged in a verified pleading that his medication "deprived [him] of any kind of as consciousness" during the years that he sought equitable tolling, and respondent did not rebut this allegation). Thus, petitioner is not entitled to equitable tolling.

////

////

6

**IV.  Conclusion**

The court finds that the one-year statute of limitations under AEDPA does not violate petitioner's first amendment rights.  The instant petition was filed outside of the one-year statute of limitations, and because petitioner is not entitled to statutory or equitable tolling, his petition is untimely.

Accordingly, it is hereby ORDERED that:

1. Respondent's motion to dismiss this action as untimely is granted;

2. The Clerk is directed to enter final judgment in this matter; and

3. A certificate of appealability shall issue in this action.

Dated: February 3, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE